1

2

3                    **UNITED STATES DISTRICT COURT**

4                        **DISTRICT OF NEVADA**

5                                **\* \* \***

6  UNITED STATES OF AMERICA,          )
                                       )
7            Plaintiff,                )          2:09-cr-0321-RCJ-LRL
                                       )
8  v.                                  )          **MOTION TO DISMISS**
                                       )          **BASED ON PRIOR**
9  LUIS SERGIO MORALES-VILLAPUDUA,     )          **UNLAWFUL DEPORTATION (#18)**
                                       )
10           Defendant.                )
                                       )
11 ─────────────────────────────────── )

12                       **REPORT & RECOMMENDATION**

13        The defendant, Luis Sergio Morales-Villapudua, is under indictment on one count of Deported

14 Alien Found Unlawfully in the United States, a violation of 8.U.S.C. § 1326.  The matter before the

15 court is Morales's Motion to Dismiss Based on a Prior Unlawful Deportation (#18), in which he

16 contends that the order mandating his removal from the United States was obtained in violation of his

17 due process rights.  Therefore, according to Morales, it cannot now be used to sustain an element of an

18 illegal reentry offense.  The government filed a Response (#19) arguing, among other things, that there

19 could be no due process violation because Morales was ineligible for relief from removal as a result of

20 prior aggravated felony convictions.

21                              **BACKGROUND**

22        On June 6, 1990, Morales was charged in an Information in the District Court for Clark County

23 with two felonies: burglary and battery with use of a deadly weapon.  Attachment to Response (#19)

24 at 1-2.  Five days later, an amended Information was filed in the same case charging Morales with

25 felony attempted coercion, to which he pled guilty on September 17, 1990. *Id.* at 3-6. On April 9, 1992,

26 Morales was charged by felony indictment in the Superior Court of Mojave County, Arizona, with

1    transportation of marijuana for sale and possession of marijuana for sale (eight pounds or more).  *Id.*

2    at 7-8.  Morales pled guilty to the possession charge and on September 28, 1992 was sentenced to six

3    years in prison.  *Id.* at 9-12.

4          On November 6, 1992, the Immigration and Naturalization Service initiated deportation

5    proceedings against Morales based on those criminal convictions.  A hearing was held before an

6    immigration judge who denied Morales's application for relief from deportation on September 24, 1993.

7    *Id.* at 13-20.  Morales appealed the decision to the Board of Immigration Appeals, which dismissed it

8    on the merits on February 1, 1994.  *Id.* at 21-23.

9          On October 28, 2004, Morales was charged in the District Court for Clark County with three

10   felonies and a gross misdemeanor relating to criminal acts dating back to August 6, 1998.  *Id.* at 24-26.

11   He pled guilty to one of the charges, possession of a firearm by ex-felon, and was sentenced on March

12   28, 2005.  *Id.* at 27-28.  On December 30, 2004,  Morales was charged in an Amended Information in

13   the District Court for Clark County with trafficking in a controlled substance, 27.9 grams of cocaine,

14   on the basis of events which occurred on July 10, 1997.  *Id.* at 31-32.  He pled guilty to that charge in

15   March, 2005.  *Id.* at 33-34.

16         On June 16, 2006, Morales was charged in an Indictment in the District Court for Clark County

17   with two counts of interfering with a public officer, a gross misdemeanor, arising out of an incident that

18   occurred in the state prison.  *Id.* at 35-38.  He was found guilty on the second count.  *Id.* at 39.  On

19   October 3, 2006, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear against

20   Morales charging him with removability, based on allegations that he illegally entered the United States

21   in November 1998, his 2005 convictions for trafficking in a controlled substance and possession of a

22   firearm by an ex-felon, and his 2006 conviction for interfering with a public officer.  Exh. A to Mot.

23   (#18).  A hearing was held before an Immigration Judge on October 11, 2006, which resulted in a

24   Removal Order. Exh. B to Mot. (#18); Exh. C to Mot. (#18).  He was removed from the United States

25   the next day. Exh. D to Mot. (#18).

26         Morales was subsequently located in Las Vegas on July 28, 2009.  On August 5, 2009, the

2

government filed the one count Indictment (#1) at issue in the present Motion (#19). The Indictment rests on the October 12, 2006 removal.  Morales was detained at his initial appearance and entered a plea of not guilty at his arraignment. Min. (#3); *see also* Order (#8).

## DISCUSSION

Title 8, United States Code, Section 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found in the United States without consent of the U.S. Attorney General after being denied admission, excluded, deported, or removed.  A defendant may collaterally attack a prior deportation or removal to preclude the government from relying on it in a prosecution under this section. § 1326(d).  A defendant may challenge the validity of a deportation order if (1) he exhausted any remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived the defendant of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair.  *Id.*  To succeed in a collateral challenge, the defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the violation.  *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (citation omitted).  Morales challenges his removal on the ground that his due process rights were violated because he was not told he was eligible for "fast-track" voluntary departure under the Immigration and Nationality Act ("INA") § 240B(a) (codified at 8 U.S.C. § 1229c(a)).  Mot. (#18) at 5.

An alien who has an aggravated felony conviction does not qualify for cancellation of removal or for voluntary departure. §§ 1229b(a)(3), 1229c(a)(1).  "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).  In determining whether a state conviction constitutes an aggravated felony under § 1101(a)(43), the court generally applies the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990).  The categorical approach requires the court to look at the statutory definition of the crime rather than the underlying factual circumstances. *United States v. De Jesus Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001) (citation omitted).

Prior to his October 12, 2006 removal, Morales had multiple convictions which qualify as

aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43), thus making him ineligible for relief from removal in the form of voluntary departure.  Specifically, Morales's 1990 Nevada conviction for felony attempted coercion, NRS 207.190, qualifies for treatment as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F), inasmuch as it is "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year."  18 U.S.C. § 16 defines a crime of violence, in pertinent part, as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  NRS 207.190 fulfills this definition of a crime of violence, insofar as it makes it "unlawful for a person, with the intent to compel another to do or abstain from doing an act which the other person has a right to do or abstain from doing, to [u]se violence or inflict injury upon the other person or any of his family, or upon his property, or threaten such violence or injury" and provides for a sentence of one to six years.  Morales was sentenced to 18 months in prison for his conviction under NRS 207.190 on charges that he used physical force or immediate threats thereof to compel the victim to do, or to abstain from doing, what the victim had a right to do, by striking the victim about the head and body with a metal pipe or wrench.  The conviction thus qualifies as an aggravated felony under  8 U.S.C. § 1101(a)(43)(F).

Morales's 1992 Arizona conviction of possession of marijuana for sale and his 2005 Nevada conviction for trafficking in a controlled substance qualify for treatment as "illicit trafficking in a controlled substance . . . including a drug trafficking crime" pursuant to 8 U.S.C. § 1101(a)(43)(B), inasmuch as the crimes necessarily meant that Morales possessed the drugs with the aim to engage in "some sort of commercial dealing."  *See Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006) (interpreting the meaning of "trafficking"for the purposes of 8 U.S.C. § 1101(a)(43)(B)); *accord Rendon v. Mukasey*, 520 F.3d 967, 975 (9th Cir. 2008).

Finally, Morales's 2005 Nevada conviction for possession of a firearm by an ex-felon qualifies for treatment as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(E)(ii), insofar as it is "an offense described in section 922(g)(1) . . . of title 18, United States Code (relating to firearms

offenses)," which makes it "unlawful for any person who has been convicted in any court of a crime punishable for a term exceeding one year to . . . possess . . . any firearm or ammunition . . . ." Morales had been previously convicted of crimes for which he was confined in excess of one year when we was convicted of the charge of possession of a firearm by an ex-felon. *See United States v. De Jesus Castillo-Rivera*, 244 F.3d 1020 (9th Cir. 2001) (holding state conviction of felon in possession of firearm constituted an aggravated felony "as an offense described in" 18 U.S.C. § 922(g)(1)).

Several of Morales's convictions predating October 2006 thus qualify as aggravated felonies, precluding him from eligibility for relief from removal in the form of voluntary departure at that time. It matters not that the aggravated felonies were not alleged in the October, 2006 Notice to Appear. *See Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1066 (9th Cir. 2006) (holding that "due process does not require inclusion of charges in the NTA that are not grounds for removal but are grounds for denial of relief from removal," reasoning that the burden of proof as to relief from removal rests with the respondent). The aggravated felonies would still have precluded Morales from obtaining relief from removal in the form of voluntary departure. Accordingly, no prejudice could have resulted from ICE's or the Immigration Judge's purported failure to inform Morales that he was eligible for voluntary departure.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Morales's Motion to Dismiss Based on Prior Unlawful Deportation (#18) should be denied.

DATED this 19th day of January, 2010.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**